*JOHN C. TATE ET AL. v. JAMES L. COGAN.

1. ERROR IN CHARGE NOT CONSIDERED WHEN BILL NOT TAKEN AT THE TERM.

Where on a trial, a verdict is rendered by the jury in favor of the plaintiff, and a motion was duly filed for a new trial upon the ground that the charge given to the jury, and excepted to at the time, was erroneous, and the motion for a new trial was not decided until the following term, when it was overruled, and a bill of exceptions taken, containing the charge excepted to, with so much of the evidence only as showed its relevancy, the reviewing court can not on such bill of exceptions properly consider the question whether there was error in such charge; one reason therefor being that the bill was not taken at the term at which the charge so excepted to was given to the jury, and does not set out all of the evidence given on the trial of the case. It is only when the bill has all the evidence, and the question is on the weight of evidence that the charge will be looked to when no bill was taken at the term.

2. WHETHER BILL OF EXCEPTIONS TAKEN AFTER TERM CAN BE CONSIDERED.

Quere: Under secs. 5298 and 5101, Rev. Stat., as amended March 11, 1887 (84 O. L., 69-70), and further modified in some respects April 11, 1888 (85 O. L., 181), is a bill of exceptions of any avail, even to raise a question of error occurring at the trial of a case, or in the overruling of a motion for a new trial on the ground that the verdict of the jury, or the finding of the court is against the law or the evidence, unless such bill is presented to the trial court within thirty days from the end of the term "at which the verdict was rendered or the finding of the court is made," (on the facts and law of the case,) and signed as in said sec. 5301 provided? If, however, it is the duty of judges to pass on motions for a new trial, at the trial term, and not continue them, perhaps it would be ground for reversal that they failed in this.

3. COUNTER CLAIM—GENERAL VERDICT SUFFICIENT.

Where a plaintiff by his petition claims a judgment against the defendant for the breach of a contract, and the defendant by his answer and cross-petition denies the contract sued on, and sets up a different contract as to the subject matter, and claims damages of plaintiff for its breach, and for an amount due upon an account, which new matter is denied by the reply, and the issues thus raised are tried to a jury, which returns a verdict as follows: "We, the jury on the issue joined find for the plaintiff, and assess his damages at $2,289.57," and the reception of this verdict was excepted to, as not responsive to all of the issues made, and such exception noted on the journal of the court: Held, that these facts all appearing of record, a bill of exceptions is not necessary to raise the question of the sufficiency of the verdict; but that it was a substantial answer to the issues submitted, and the court did not err in receiving the same and rendering a judgment thereon. Had the word "issue" been "issued" there could have been no question.

SMITH, J,

In this case it is sought to reverse the judgment of the court of common

---

* This case was cited by the circuit court in Earnhart v. Lebanon, 3 Ohio Circ. Dec. 000 (s. c. 5 C. C. R., 578, 580).

pleas, on two grounds: First, that there was error in the charge of the court to the jury, and second, in receiving, against the objection of the plaintiff in error, the verdict rendered by the jury (which is claimed to have been defective, as not responding to all of the issues in the case), and in rendering a judgment thereon.

A motion for a new trial, assigning the foregoing grounds, was duly filed at the trial term, but no bill of exceptions was taken at that term. The motion for a new trial was not disposed of until the next succeeding term, when it was overruled, and a bill of exceptions then taken, which did not purport to set out all of the evidence heard in the case, but only so much thereof as was deemed sufficient to raise the question of the correctness of the charge given to the jury at the trial.

The first question then for consideration is, whether under these circumstances we can properly consider and decide whether there was error in the charge of the court, and if so, reverse the judgment on that ground.

We think it is conclusively settled by several decisions of the supreme court, under the code of civil procedure of March 11, 1853, that an error of law occurring at the trial of a case, as in the admission of evidence, or in the charge given to the jury, though duly excepted to at the time, to be of any avail to the party complaining thereof, must be brought upon the record by a bill of exceptions taken at the trial term, unless the bill taken at a subsequent term, on the overruling of a motion for a new trial filed at the trial term, contains all of the evidence taken in the cause; in which event the reviewing court may, in the interest of justice, examine the whole record, to see whether substantial justice has been done in the case.—See Musser v. Chase, 29 O. S., 577; Dayton v. Hinsey, 32 O. S., 258; Estabrook v. Gebhart, Ib., 418; Kline v. Wynne, 10 O. S., 228, and Baker v. Pendergast, 32 O. S., 494.

Unless then there has been a change in the law in this particular, the question is not an open one.

Section 291, of the Code of 1853, provided, "that the party objecting to the decision, must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term." Under the law as it now stands "the party objecting to the decision must except at the time it was made, and time may be given to reduce the exception to writing, but not more than thirty days beyond the term at which the verdict of the jury is rendered, or the cause is decided when tried by the court."

We are unable to see that the present statute is any more favorable in the particular under the consideration, to the plaintiff in error, than that in force when the decisions referred to were made. It follows then, that having failed to have his bill of exceptions showing the charge of the court complained of, taken at the trial term, and having failed also to have the bill which was taken at the subsequent term to the overruling of the motion for a new trial, contain all of the evidence, he is not in position to ask the court to pass upon the correctness of the charge, and the court itself has not the right to consider it.

But on another ground, there is strong reason to believe that under secs. 5298 and 5301, as amended March 11, 1887 (84 O. L., 69 and 70), and further modified in other respects (85 O. L., 181), any bill of exceptions, to be valid, must be taken at the trial term. That is, at "the term at which the verdict of the jury is rendered, or the cause is decided if tried to the court," as provided by sec. 5298. And this is again stated in sec. 5301, which in pointing out the cases in which bills of exception may be taken, among others, "because the verdict, or if a jury is waived, the finding of the court is against the law or the evidence," declares "that the party excepting, must reduce his exception to writing, and present it to the trial judge or judges for allowance, within thirty days from the end of the term at which the verdict is rendered, or the finding of the court is made."

If a strict interpretation is to be given to these two sections, it is manifest that it must work a great change in the practice of the courts in this matter. It

is well known that it is not at all unusual for judges, where a motion has been made for a new trial on the ground that the verdict of the jury or the finding of the court is against the evidence, to continue the cause to another term for the hearing or decision of such motion. This was clearly proper as the statute stood prior to the amendment of March 11, 1887, and a bill of exceptions could properly be taken when the motion was decided, and if it contained all the evidence, was available for certain purposes. But was it not the intention of the legislature to change this practice, and in effect to require that such motions shall be determined at the term at which they are filed? It may be said that this puts the parties too much in the power of the judge; for if he fails to decide it during the term, the rights of the party excepting might be sacrificed. But if it is the duty of judges to decide such motions at the trial term, the presumption is that it will be done, and if they fail or refuse so to do when called upon, would it not be error for which the judgment rendered would be reversed?·

We incline strongly to the opinion that under these statutes all bills of exceptions must be taken at the trial term; that is, at the term at which the verdict of the jury is rendered, or the cause decided if tried to the court. We suppose that this construction would not prevent a court to which issues of fact are presented, from continuing the case to a subsequent term for decision on such issues —but when decided, the bill of exceptions taken to the overruling of a motion for a new trial on the ground that the finding is against the evidence, must be taken at that term.

It is not necessary that these questions should be decided in this case, but we have deemed it proper to call attention to the subject, so that if it be the law that the bill of exceptions should in all cases be taken at the term at which the verdict of the jury is rendered, or the case decided by the court, the rights of parties may not be lost by an adherence to the old practice.

Second—Did the court of common pleas err in receiving the verdict of the jury, and in rendering a judgment upon it? And is this question properly raised?

The plaintiff sued to recover damages claimed to have been incurred by him, by reason of the breach of a contract whereby plaintiff sold to defendants a large amount of corn. The amount claimed was $2,323.86. Defendants, by their answer and cross-petition, claimed a different contract about the corn, which contract they say was broken by plaintiff, to their damage, $5,000. And on these and other allegations, they asked for a judgment on an account against the plaintiff. The plaintiff, by his reply, denies these averments. The jury, as appears by the journal entry, on the trial of the case, October 12, 1886, returned a verdict in this form, after giving the title of the case: "We, the jury, on the issue joined, find for the plaintiff, and assess his damages at $2,289.57." On the same day a paper was filed in the case by the defendants, excepting and objecting to the form of the verdict, and the exception entered upon the journal to the reception of it by the court, as not being responsive to all of the issues, and on the 13th of October, a motion for a new trial was made on the same and other grounds, which was overruled at the following term, and judgment entered upon the verdict. We suppose that all of these facts appearing upon the record, no bill of exceptions is necessary to raise the point, and if the verdict is not a sufficient foundation for the judgment, that the action of the court can now be reviewed and reversed.

We think, however, that the verdict was a substantial finding upon all of the issues, in favor of the plaintiff. If the letter "S" had been added to the word "issue" in the printed form furnished to the jury and returned by them, there could be no question in regard to this. But as it stands, it must be taken to be a finding by the jury, that on the whole case, the plaintiff was entitled to recover the sum named. If there had been several causes of action in the plaintiff's petition, and an issue taken on each, we know of no rule or practice which would require a separate and distinct finding as to each of them—nor a separate finding

as to the claims of plaintiff and the counter-claims of the defendant, if any there be. It is important sometimes that this be done, as affecting the question of the recovery of costs by the plaintiff, as in Williams v. Sprigg, 6 O. S., 585, 597; but it is not essential to the validity of the verdict. The judgment is therefore affirmed, with costs.

S. M. Johnson, for plaintiff in error.

Simrall & Mack, for defendants in error.